Nash, J.
 

 This is one among many appointments of constables, and all in the same terms ; and by the record it appears that a majority of the justices were present, making the appointments. There is nothing in this case to distinguish it, in principle, from those already decided by this court on the same subject. The power of the County Court to appoint constables is no,t an original one, but derivative; given them only to be exercised on the occurrence of certain events, specified in the Act of Assembly. Should the people of the County in their respective districts fail
 
 to make an
 
 appointment, or the person by them elected die, either before or after his qualifying, or fail or neglect to give bond and security as required by the law, then and in each of these cases the County Court is to appoint. Rev. Stat, ch. 24, sec. 4, 5. From these sections it clearly appears that the County Court has no power to appoint originally, but only to fill vacancies. In-order, then, to sustain an appointment made by the County Court, it must appear by the record that there was a vacancy to be filled; and unless there is a vaeaney, the Court has no power to act. The case here has not occurred, in which alone, under the statute, they have the legal power to act. The record states the presence of a majority of the magistrates of the County, when the defendant, Wiggins, was appointed a constable for the town of Oxford; but it does not shew any vacancy to be filled, nor does it exhibit any statement, from which the Court can, judicially, infer that such was the fact. We have often had occasion to regret the loose and imperfect manner, in which the
 
 records of
 
 our County Courts are made up.
 
 It is very
 
 possible, that there was a vacancy in the district of Oxford, and that the power of the Court to make an appointment was full and complete, when they, in this instance, exercised it. As the record
 
 now
 
 stands, it does not so appear ; and the Court alone, where the record is, has power to rectify ¡such omissions or mistakes, as may in the hurry of business
 
 *275
 
 have occurred, by causing the record to exhibit the facts as they were.
 
 State
 
 v
 
 McAlpin,
 
 4 Ired. 140.
 

 Per Curiam, Judgment affirmed.